UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DOCKET NO.: 5:17-CV-00044-GWC

LINDA WEST,

    PLAINTIFF

v.

CAROLINA CASUALTY INSURANCE COMPANY,

    DEFENDANT

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

### ***PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON BOTH CLAIMS***

PLAINTIFF moves the Court for summary judgment pursuant to F.R.C.P. 56. She submits the following Memorandum of Law, along with the accompanying Statement of Undisputed Facts ("SUMF") in support and requests the Court enter summary judgment in her favor on the Claims.

### MEMORANDUM OF LAW

Plaintiff brought this action pursuant to Vermont's direct-action statute, 8 V.S.A. § 4203 (3) to enforce the $400,000 judgment award against her former employer, Seldon Technologies, Inc. ("Seldon"), a firm defendant insured for various forms of business liability including employment matters. She also seeks an award of monetary damages for defendants' breach of the covenant of good faith and fair dealing based on the insurance contract, as third-party beneficiary of the insurance coverage it issued to Seldon, and the defendant's secretive attempts to avoid performing on its policy covering Seldon's business activities. Plaintiff also seeks pre-judgment interest, punitive damages and costs of action.

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 1 of 7

Factual Background

Plaintiff secured a jury verdict and court judgment on June 30, 2016 against her former employer, Seldon, a water filter producer located in Windsor, Vermont. (SUMF ¶10). The award against Seldon was $400,000 plus interest until paid and court costs. The court issued the judgment on July 1, 2016. (SUMF ¶11). The claim was for age discrimination in violation of Vermont's Fair Employment Practices Act.

Defendant Carolina Casualty Ins. Co. ("Carolina") is domiciled in Iowa, located in Jacksonville, Florida and licensed to do business in Vermont. (SUMF ¶3). It insured Seldon for liability connected with its business activities in Vermont. (SUMF ¶4).

Prior to the trial and judgment, Seldon notified its insurance carrier, the defendant here, of the lawsuit on June 14, 2013, a few weeks after plaintiff filed the lawsuit. (SUMF ¶6). The carrier had previously issued a Management Liability Policy (No. 61165084) covering Seldon's operations and activities including employment issues. (SUMF ¶4). Carolina acknowledged the claim and assigned it a case number. (SUMF ¶6). There is no evidence that Carolina denied coverage – until it answered the complaint in this action.

Having failed to raise sufficient capital to support its water filter business, Seldon liquidated its assets, dissolved the corporation and eliminated its employees in 2015. (SUMF ¶8). The liquidation was completed and the firm completely closed operations on September 26, 2015. Seldon, thus, was insolvent. (SUMF ¶8 & 9).

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 2 of 7

The Present Claims

Plaintiff's initial claim is to enforce the state court's judgment against Carolina as the insurer of record for Seldon's business activities, including its age discrimination in employment and illegal retaliation in violation of public policy against her.

Plaintiff's second claim is for breach of the covenant of good faith and fair dealing (GFFD) for Carolina's deceitful attempt to avoid coverage under the policy with Seldon, as a third-party beneficiary, and payment to plaintiff.

**Direct-Action Statutory Claim**

Under Vermont law, an insurance company with a contract to insure a business entity is liable for the coverage to the insured and its beneficiaries, the injured party. 8 V.S.A. §4203(3). *T. Copeland & Sons, Inc. v. Kansas Gen. Ins. Co.*, 171 Vt. 189.

> "The insolvency or bankruptcy of the insured shall not release the company from the payment of damages for injury sustained or loss occasioned during the life of the policy, and in case of such insolvency or bankruptcy an action may be maintained by the injured person or claimant against the company under the terms of the policy, for the amount of any judgment obtained against the insured not exceeding the limits of the policy."
> 8 V.S.A. §4203(3).

In the present matter, Seldon became insolvent as of September 26, 2015. (SUMF ¶8). Plaintiff became a claimant against defendant under the terms of the insurance policy between Seldon and defendant on March 9, 2017 when she filed the present lawsuit. (SUMF ¶12). She seeks to collect from defendant on the policy in the amount of the jury award, $400,000, against Seldon, defendant's insured, plus interest and other monetary damages specified in her complaint. The current interest total for the 4.5 years since Seldon fired plaintiff is $216,000, for a total current claim of $616,000, excluding other monetary claims.

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 3 of 7

Seldon employed plaintiff as an accountant from 2004 until March 14, 2013. (SUMF ¶2). Defendant was licensed as an insurance carrier in Vermont during the same period. (SUMF ¶3). Defendant insured Seldon, a Vermont corporation, during the insurance contract period, January 28, 2013-January 28, 2014. (SUMF ¶4). Thus, plaintiff was an executive employee during the pendency of the insurance contract between Seldon and defendant. (SUMF ¶2 & 4).

Plaintiff notified Seldon of her claim when she filed and served the lawsuit on May 24, 2013 – also during the coverage period and prior to the putative release. (SUMF ¶5) Defendant answered the complaint on May 23, 2017. (SUMF ¶13). The jury's verdict encompassed the time in which plaintiff's losses accrued, during her Seldon employment prior to July 30, 2013. (SUMF ¶11).

Absent any other stipulations or conditions, defendant's insurance policy covered plaintiff's employment and Seldon's dismissal of her and is liable for the verdict amount and other appropriate monetary damages.

The subject policy limit for Employment Practices Liability Insurance Coverage ("EPLI") is $1,000,000. The award and plaintiff's request here do not exceed the limit. (SUMF ¶11).

A claimant under an insurance policy is a third-party beneficiary based on the contracting parties' intention. *Morrisville Lumber Co., v. Okcuoglu*, 148 Vt. 180 (1987). The EPLI provision demonstrates that Seldon and defendant intended plaintiff and other employees to be third party beneficiaries of the insurance contract.

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 4 of 7

Accordingly, defendant is liable to pay the jury award plus other monetary damages. Even viewing the facts in defendant's favor, there can be no other conclusion than the court should grant plaintiff's motion for summary judgment.

**<u>Breach of the Implied Covenant of Good Faith and Fair Dealing</u>**

The covenant of good faith and fair dealing is implied in every contract; its boundaries are contextual and fact-specific. *Carmichael v. Adirondack Bottled Gas Corp.* 161 Vt. 200, 208. The covenant is an implied promise that protects against conduct which violates the community standards of "decency, fairness or reasonableness." *Id.*, 209. It applies where there is an underlying contractual relationship between the parties. *Monahan v. GMAC Mort. Corp.*, 2005 VT 110, n.5.

After defendant acknowledged it received plaintiff's lawsuit on June 14, 2013, six weeks later, Seldon and defendant attempted to terminate coverage under the insurance contract by executing a putative release – on July 30, 2013. (SUMF ¶7).

The alleged release expressed no real, genuine or adequate consideration and there is no evidence of it. Defendant relinquished its "right to defend claims" against Seldon. But under the policy defendant had the <u>obligation</u> to defend against lawsuits. This means defendant relinquished nothing.

Further, the person signing the alleged release, George C. Hillman, did so as Seldon's "Vice President of Finance," implying authority to release on behalf of some entity even though, more recently he identified himself merely as a "consultant" for Seldon, presumably a non-board or officer position. (SUMF ¶9). There is no evidence of a board resolution or evidence of Hillman's authority.

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 5 of 7

The excuse defendant gave for attempting to withdraw from the insurance contract was to defend itself against lawsuit. (SUMF ¶7). But the record demonstrates defendant did the opposite – it failed to defend itself.  The result was the underlying default judgment that led to the trial on damages and the jury verdict. In retrospect, defendant's conduct amounted to a deceptive artifice designed preclude its insurance coverage of plaintiff's claim.

Moreover, the supposed release fails to identify Seldon as the "insured," indicating only that it is the "defendant" and it fails to release the "defendant." Seldon has several related companies, any one of them could have been the intended entity to be released. (SUMF ¶1).

There is considerable confusion and lack of clarity with the release and, hence, it should not be enforced. At minimum, the circumstances surrounding the execution of the release should be considered in evaluating its effectiveness.  Those circumstances are delineated above and they demonstrate it would be unjust and unfair to enforce the release.

Even if the release were effective to terminate coverage, the release was not effective until executed – four months after plaintiff's dismissal.

In sum, defendant attempted to disadvantage plaintiff by canceling insurance coverage for her lawsuit. The conduct violates the community standards of "decency, fairness or reasonableness." The standard requires parties "not to do anything to undermine or destroy the other's rights to receive the benefits of the agreement." As against plaintiff, a third-party beneficiary, defendant's actions constitute a violation of the covenant.

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 6 of 7

Summary Judgment Standard

Summary judgment is appropriate if the moving party establishes there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. V.R.Civ.Pro 56. In determining whether a genuine issue of fact exists, the nonmoving party receives the benefit of all reasonable doubts and inferences but its allegations to the contrary must be supported by specific facts sufficient to create a genuine issue of material fact. *Samplid Enterprises, Inc. v. First Vermont Bank* (1996) 165 Vt. 22.

**Conclusion**

For the foregoing reasons, plaintiff's evidence satisfies the elements of both claims. Plaintiff urges the Court to grant her summary judgment motion on both counts.


DATED: 09/27/2017     .                                              **LINDA WEST, PLAINTIFF**


/s/Norman E. Watts
Norman E. Watts, Esq.
Watts Law Firm, PC
Attorney for Plaintiff

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 7 of 7