# UNITED STATES DISTRICT COURT
# FOR THE VERMONT DISTRICT

LINDA WEST,

        Plaintiff                               Civ. Action No. 5:17-cv-44-gwc

   v.

CAROLINA CASUALTY INSURANCE CO.,

        Defendant

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

## *PLAINTIFF'S OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT*

## Introduction

Plaintiff secured a Vermont state court jury award for $400,000 against Seldon Technologies, Inc. for age discrimination and other employment-related claims. The judgment was issued on July 1, 2016. Plaintiff subsequently sued defendant in this Court to collect on her judgment. The suit is based on Vermont's direct-action statute, 8 V.S.A. §4203.

Plaintiff's state court suit was initiated on May 24, 2013. On June 14, 2013, Seldon notified defendant in this proceeding about plaintiff's suit. Defendant insured Seldon for, *inter alia,* employee liability claims. Seldon executed a "Release of Claim" in defendant's favor on July 30, 2013. (Exhibit 1).

Plaintiff filed for Summary Judgment on September 29, 2017; defendant subsequently filed a cross-motion for summary judgment. Both motions are pending before the Court.

## Insurance Contract Forbids Defendant's Cancellation Except Under Circumstances Not Present Here

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 1 of 7

In seeking summary dismissal of plaintiff's claims, defendant emphasizes, correctly, that the insurance policy with Seldon was a contract. On that basis, defendant concludes that there is no coverage for plaintiff's claim under the statute because Seldon and defendant cancelled the coverage with its July 2013 "Release of Claim."

A dismissal here would avoid the statute and result in overturning plaintiff's 2017 judgment award against Seldon.

Defendant is correct to rely on the terms of the insurance contract. But the plain language of the policy warrants denial of its motion. Defendant's insurance contract forbids cancellation except upon written notice from the named insured. [1]

More importantly, the contract provides that "The Insurer *may* not cancel this policy except for non-payment of any premium when due…." [2]

The contract's language is clear and unambiguous: No cancellation of the policy absent non-payment of premium. There is no evidence Seldon failed to pay the premium.

Even if it had failed to pay the premium, Seldon was required to transmit a "Written Notice" to defendant. There is no such document in evidence, nor is there such language in the "Release of Claim." And, there is no evidence of a "Written Notice" from Seldon to defendant. Nor was there any notice to plaintiff that Seldon and defendant were dealing behind her back to deprive her of the proceeds of the $400,000 jury award. (Discussed further, below).

---

[1] The contract provides, *inter alia,* the policy "shall terminate at the earliest of the following times: a. upon the receipt by the Insurer of written notice of cancellation from the Named insured…." *General Conditions. §* VIII A.1. (Exhibit 2 – p. CAR 0055).

[2] *Id., at § VIII A*. 2. (Exhibit 2 – p. CAR 0055).

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 2 of 7

The contract terms are clear and unambiguous. No cancellations except for non-payment of premiums. When a contract is unambiguous, the plain language of the contract governs its *Southwick v. City of Rutland*, 2011 VT 53 ¶ 45. Insurance contracts are interpreted according to their terms and the intent of the parties as expressed by the policies' language. *City of Burlington v. Nat'l. Unin Fire Ins. Co.*, 163 Vt. 124 (1994). If there are any disputed terms, they must be read according to their plain, ordinary and popular meaning. *Chamberlain v. Metro.Prop. & Cas. Inc. Co.*, 171 Vt. 513, 514 (2000).

Here, the intentions of the parties to the insurance contract are clear as written and approved – the contract forbids cancellation except for non-payment of premiums. There is no evidence of a failure to pay the premium. Accordingly, the Court should dismiss defendant's motion.

Yet the release cancelled the policy as it related to plaintiff. Defendant may argue that the putative release constituted a "Notice of Cancellation." But that is only hindsight for avoiding the judgment. If the parties to the insurance contract intended to alter or amend the contract itself, they would have either amended it directly or, at minimum, revised it by reference. They did neither. In their rush to avoid the potential judgment they neglected to do so. Nor did they notify plaintiff who, after the July 14, 2013 notice was left in the dark about the attempted release.

Defendant may also argue that it did not unilaterally cancel the policy. When defendant agreed to the putative release it attempted to cancel the policy – contrary to the policy's language.

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 3 of 7

Neither argument negates the parties' clear intentions when the policy was consummated. If it was their intention, they failed to demonstrate it. Under the circumstances, their attempted cancellation fails for lack of evidence.

It should also be noted that defendant has taken contradictory positions in this proceeding. On one hand, it argues plaintiff's suit is inappropriate because she "stands in the shoes of" defendant regarding the insurance contract, yet it also asserts she does not have privity concerning the insurance contract. To the contrary, as noted above, plaintiff does have privity. Privity attached with defendant's notice of claim on June 14, 2013; defendant executed the putative release on July 30, 2013. Hence, the argument should be ignored.

Finally, it is important to highlight that jury verdicts "should be construed to give them effect, if that can reasonably be done." *Vineyard Brands, Inc. v. Oak Knoll Cellar*, 155 Vt. 473, 481 (1990).

Reviewing the evidence in a light most favorable to plaintiff, the nonmoving party, and giving all inferences an interpretation favorable to plaintiff, the Court should conclude there are no genuine issues of material fact concerning the insurance policy. The inescapable conclusion is that the secret cancellation of the insurance contract is void. Accordingly, the Court should deny defendant's cross-motion for summary judgment. F.R.Civ.P. 56.

**Defendant's Conduct Breached the Covenant of Good Faith and Fair Dealing**

Defendant defends against plaintiff's breach of good faith and fair dealing claim solely by arguing that there is no privity between the parties, precluding plaintiff's claim. It does not challenge the substantive validity of the claim.

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 4 of 7

As analyzed above, defendant's argument stands in stark contrast to the purpose of the direct-action statute. Such statutes are enacted to protect parties who are potentially deprived of the benefits of an insurance policy. *Korda et al v. Chic.Ins.Co.,* 2006 VT 81 @ ¶25.

The statute grants privity to a third party challenging the validity of a release of claims under an insurance policy. It permits a suit by a "claimant against an insurance company under the terms of the policy." § 4203 (1) *et seq. Korda, supra* @ ¶15. That means plaintiff is the "real party in interest" under the statute and recognized in the civil rules. F.R.Civ.P. 17.

Given that plaintiff has privity it is proper for her to challenge the actions of Seldon and the defendant in secretly and bi-laterally attempting to deprive her of the proceeds of the judgment award.

The covenant of good faith and fair dealing applies to every contract formed in Vermont.[3] The principle underlying the covenant is "to ensure that parties to a contract act with "faithfulness to an agreed common purpose and consistency with the justified expectations of the other party." *Carmichael v. Adirondack Bottled Gas Corp. of Vermont,* 161 Vt. 200, 208 (1993). (citing Restatement (Second) of Contracts § 205 Comment a. (1981)). And, principle implied in every contract is that each party promises not to do anything to undermine or destroy the other's rights to receive the benefits of the agreement. *Id.*

Although the direct-action statute gives plaintiff privity of contract with Seldon and defendant concerning the insurance contract, the duty of good faith is imposed by law and

---

[3] The insurance contract provides for its jurisdiction in Vermont, "where the damages were awarded or imposed" or the insured resides @ III C. (Exhibit 2 – p. CAR 0058-0059)

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 5 of 7

is not a contractual term that the parties are free to bargain in or out as they see fit. *Id. (citing Ainsworth v. Franklin County Cheese Corp.,* 156 Vt. 325, 331-32 (1901).

The covenant protects against "a variety of types of conduct characterized as involving 'bad faith' because they violate community standards of decency, fairness or reasonableness." *Id,* at 209). Examples of such violations include: "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance." *Id.*

Conduct that violates the covenant may include "abuse of a power to determine compliance or to terminate the contract." *Id.* (citing Restatement of Contracts, § 205, Comment e.). And, "[s]ubterfuges and evasions violate the obligation of good faith in performance even though the actor believes his conduct to be justified." *Id.*

The actions of Seldon and defendant in secretly attempting to deprive plaintiff of insurance coverage and her judgment award for age discrimination is consistent with previously-held covenant-violating conduct.

There is no basis for dismissal of the claim as a matter of law. Accordingly, the Court should deny defendant's cross-motion.

## Conclusion

For the foregoing reasons, plaintiff urges the Court to deny defendant's Cross-Motion for Summary Judgment on both of plaintiff's claims and grant plaintiff's Motion for Summary Judgment.

DATED: 12/08/2017  .                                            LINDA WEST, PLAINTIFF

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 6 of 7

/s/Norman E. Watts  
Norman E. Watts, Esq.  
Watts Law Firm, PC  
Attorney for Plaintiff

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091  
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 7 of 7