UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT

| LINDA WEST, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: 5:17-CV-44 |
| | ) | |
| CAROLINA CASUALTY INS. CO. | ) | |
| Defendant | ) | |

**REPLY BRIEF OF CAROLINA CASUALTY INSURANCE COMPANY
IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Linda West seeks to recover from defendant Carolina Casualty Insurance Company ("Carolina") the amount of a July 1, 2016, judgment she holds against Carolina's insured, Seldon Technologies, Inc. ("Seldon"). Three years before West obtained the judgment, Seldon entered into an agreement with Carolina that extinguished Seldon's rights to insurance coverage for any judgment on the claims asserted by West [Dct. No. 20, #13, Ex. G]. The Agreement states:

> the Insured [Seldon] agrees that in exchange for the Insurer's [Carolina's] relinquishment of its rights as stated above ["to defend any 'Claim' . . . to select defense counsel, to investigate and negotiate the settlement"] the Insured does hereby release, relinquish and discharge the Insurer of and from any and all claims, duties or obligations under the Policy arising out of or related to the West Claim, including but not limited to, any present or future duty to defend or indemnify [Seldon] under the Policy with respect to the West Claim.

In her Opposition to Carolina's Cross-Motion for Summary Judgment, West argues: (a) Carolina's purported "cancellation" of the Policy was ineffective under the terms of the Policy, and, (b) Vermont's direct action statute, 8 V.S.A. §4203(3), grants her the "privity" otherwise missing from her claim based on the breach of the contractual duty of good faith and fair dealing. The first argument should be rejected because it is erroneously predicated on the assumption that Carolina cancelled the policy it issued to Seldon. The second argument should be rejected because

Vermont's direct action statute does not establish privity between West and Carolina and West's claim is not based on Carolina's alleged treatment of Seldon.

A.   **Carolina Did Not Cancel Seldon's Insurance Policy.**

The summary judgment record is devoid of any facts supporting the assertion that Carolina cancelled Seldon's policy, either unilaterally or by agreement with Seldon. *See* Vt. Stat. tit. 9A § 2-106 (under the UCC, "'Cancellation' occurs when either party puts an end to the contract for breach by the other and its effect is the same as that of 'termination' except that the cancelling party also retains any remedy for breach of the whole contract or any unperformed balance."); Black's Law Dictionary (10th ed. 2014) (defining "cancel" as "1. To destroy a written instrument by defacing or obliterating it . . . 2. To terminate a promise, obligation, or right[.]").

Moreover, there is no merit in West's argument that Seldon's agreement with Carolina to withdraw its claim for coverage for West's claim is the functional equivalent of a cancellation of the entire policy. The agreement between Seldon and Carolina explicitly states that Seldon relinquished its rights to insurance coverage under the Carolina policy **only for liability "arising out of or related to the West Claim."** [Dct. No. 20, #13, Ex. G]. The Carolina Policy issued to Seldon remained in full force and effect until it expired on March 1, 2014, eight months after the agreement.

B.   **West Cannot Assert a Claim Based on the Alleged Breach of the Contractual Duty of Good Faith and Fair Dealing, Because She Was Not A Party To The Insurance Contract.**

In Count II of her Complaint, West alleges a cause of action for breach of the covenant of good faith and fair dealing. Carolina has demonstrated that this claim fails as a matter of law because there is no privity of contract between West and Carolina. *See Peerless Ins. Co. v. Frederick*, 177 Vt. 441, 869 A.2d 112, 116 (D. Vt. 2004)(the parties "to an insurance contract owe

each other mutual duties of good faith and fair dealing."); *Carmichael v. Adirondack Bottled Gas Corp.*, 161 Vt. 200, 208, 635 A.2d 1211, 1216 (1993) (the "implied covenant of good faith and fair dealing exists to ensure that parties to a contract act with 'faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.'")(quoting Restatement (Second) of Contracts § 205 comment a (1981)); *Kirkpatrick v. Merit Behavioral Care Corp.*, 128 F.Supp.2d 186, 191 (D.Vt.2000) ("Obviously the cause of action also requires an insurer-insured relationship."); *R.L. Vallee, Inc. v. Am. Intern. Spec. Lines Ins. Co.*, 431 F.Supp.2d 428, 441 (D. Vt. 2006) (the lack of an insured/insurer relationship precludes third-party beneficiaries from bringing tortious or contractual bad faith claims); *Gregory v. Metropolitan Life Ins. Co.*, 648 F.Supp.2d 591, 608 (D. Vt. 2009) (insured/insurer relationship required to maintain a claim for tortious bad faith).

West does not cite any authority for her argument that Vermont's direct action statute, 8 V.S.A. §4203(3), grants her the "privity" missing from her good faith and fair dealing claim. To the contrary, the record reflects that Seldon and Carolina negotiated the terms of the Release of Claim between June 2013 and July 2013. Ms. West's right to assert a direct action against Carolina did not arise until three years later when she secured the judgment in July 2016. Ms. West does not base her good faith and fair dealing claim on any conduct that occurred after July 2016. To the contrary, her claim is based on the negotiation of the Release of Claim. At the time this occurred, however, it is undisputed that to the extent that Carolina owed a duty of good faith and fair dealing, it owed that duty only to Seldon, as its insured, and not to West.

Since West is a third-party claimant to benefits under the insurance policy Seldon purchased from Carolina, and lacks contractual privity, she does not have standing to assert a claim based on the breach of the covenant of good faith and fair dealing.

## CONCLUSION

The Court should grant Defendant's Cross-Motion for Summary Judgment because Plaintiff's claims fail as a matter of law. Since Ms. West has no greater rights against Carolina than Seldon, and Seldon lawfully waived its rights to coverage for Ms. West's claims, Carolina has no obligation under the Policy to pay West the amount of the judgment. Moreover, since no privity of contract exists between Carolina and West, her breach of the implied covenant of good faith and fair dealing cause of action fails as a matter of law.

Respectfully submitted

CAROLINA CASUALTY INSURANCE COMPANY
By its attorneys,


/s/ **Anthony R. Zelle**
Anthony R. Zelle
Zelle McDonough & Cohen, LLP
101 Federal Street, 14th Floor
Boston, MA 02110
617-742-6520
tzelle@zelmcd.com

Patricia S. Orr, Esq.
Law Offices of Patricia S. Orr PLLC
129 Olde Orchard Lane
Shelburne, VT 05482
802-985-8429
psolawoffices@gmail.com

## CERTIFICATE OF SERVICE

I, Patricia S. Orr, hereby certify that on December 20, 2017, a copy of the foregoing document was served via ECF Filing upon all attorneys of record.

 /s/ **Patricia S. Orr**
Patricia S. Orr