UNITED STATES DISTRICT COURT

FOR THE VERMONT DISTRICT

LINDA WEST,

       Plaintiff                           Civ. Action No. 5:17-cv-44-gwc

v.

CAROLINA CASUALTY INSURANCE CO.,

    Defendant

>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>>

### ***PLAINTIFF'S SUPPLEMENTAL POST-HEARING MEMORANDUM***

Pursuant to the summary judgment hearing on January 25, 2018, this is to supplement pleadings and presentation concerning Vermont's Insurance Direct Action Statute, 8 V.S.A. 403.

Decisional development of the statute has not developed as in other states with similar public policy provisions. In other states, the rights of the injured party against the insurer "become fixed as of the moment of injury." *Hartford Accident & Indem. Co. v. Randall,* 125 Ohio 581, 585-86 (1932).

States adopt direct-action insurance statutes primarily for the protection of the public and injured persons. *City of Norwich,* 118 U. S. 468 (1886); *Olympic Towing Corp v. Nebel Towing Co.,* 419 F.2d 230, 237 (5th Cir 1969).

The Ohio direct-action statute permits an injured party to bring an action as a judgment creditor against judgment debtor's insurer after judgment against the insured. *Employers' Liability Assurance Corp. v. Ryan,* 109 F.2d 690, 691. The Ohio statute is codified at Ohio Rev. Code Ann. § 3903.42 (1989).

An injured person has "a potential interest and substantial right in the policy from the very moment of his injury, and, although it does not develop into a vested right until

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 1 of 3

judgment is secured, his rights are such, even before judgment, as to entitle him to comply with the terms and conditions of the policy, and thus make them effective in his behalf…" *Ryan, supra.*

In Wisconsin, the direct-action statute renders the insurer "directly liable" to the injured party for the conduct of its insured – even if there is "an absolute release" of the insured after the commencement of the lawsuit. *Loy v. Bunderson,* 107 Wis. 2d 400 (1982); *Wiechmann v. Huber,* 211 Wis. 333, 336 (1933); *Est. of Otto v. Physicians Ins., Co. of Wisc., Inc,* 208 WI 78. The injured party "acquires an interest in an insurance policy" and his rights should be given "the widest possible coverage" as a remedial statute. *Id.* The provisions are codified at Chapters 631 & 632 of the Wisconsin statutes revised.

In Louisiana, the rights of the injured party against the insurer "become fixed as of the moment of injury." *West v. Monroe Bakery,* 217 La. 189 (1950). "When the [direct action] statute is applicable and authorizes a direct suit against a tortfeasor's insurer, the statute is read into and becomes a part of a policy written pursuant thereto, even though the policy does not contain the language required by the statute, or contains language prohibited by the statute." *Quinlan v. Liberty Bank & Trust Co.,* 575 So.2d 336, 352 (La. 1991). The statute is codified at La.Rev.Stat. § 22:665.

New York Insurance Law §3420(6) permits claimants to bring direct actions against an insurer for collection on an unpaid judgment against an insured. It permits a claimant to bring a direct action against an insurer on any coverage issue if a judgment against the insured defendant is not satisfied within thirty days following judgment. The damages must be for injuries sustained during the policy period or for contribution or indemnification for these damages. *Hernandez v. Marchants Mut. Ins. Co.,* 836 N.Y.S. 485 (2006).

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 2 of 3

Similarly, the Rhode Island statute provides recourse to injured plaintiffs through the liability insurer of a bankrupt defendant. *Providence Journal Co. v. Rodgers,* 711 A.2d 1131, 1134 (1998).

California's direct-action statute is codified at Insurance Code Section 11580(b)(2). It allows a judgment creditor to bring an action against the defendant's insurance carrier to recover on the judgment, up to the amount of the liability-insurance policy limits. Based on that statute and public policy, the carrier and the insured cannot alter coverage after the accident to affect a third party's rights. *Shapiro v. Republic Indemnity Co. of America,* 52 CaI.2d 437 (1959).

"[W]here the insurer may be subject to a direct action under Insurance Code section 11580 by a judgment creditor who has or will obtain a default judgment in a third party action against the insured, intervention is appropriate. . . . Where an insurer has failed to intervene in the underlying action or to move to set aside the default judgment, the insurer is bound by the default judgment." *Reliance Insurance Co. v. Superior Court* (2000) 84 Cal.App.4th 383, 386–387 (2000).

The point is that Vermont enacted a statute with similar purposes as those from other states. States adopt direct-action insurance statutes primarily for the protection of the public and injured persons. Vermont's remedial statute should be interpreted similarly.

Thank you for the opportunity to supplement our summary judgment pleadings.

DATED:  1/30/18  .　　　　　　　　　　　　　　/s/Norman E. Watts
　　　　　　　　　　　　　　　　　　　　　　　Norman E. Watts, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Watts Law Firm, PC
　　　　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiff

Watts Law Firm, P.C. PO Box 270 Woodstock, VT 05091
Phone: (802) 457-1020, Fax: (802) 432-1074, Email: info@wattslawvt.com

Page 3 of 3