UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| LINDA WEST,<br>   Plaintiff<br><br>v.<br><br>CAROLINA CASUALTY INS. CO.<br>   Defendant | CIVIL ACTION NO: 5:17-CV-44 |

## CAROLINA CASUALTY INSURANCE COMPANY' REPLY TO PLAINTIFF'S POST-HEARING SUBMISSION

Plaintiff's post-hearing submission provides the court with synopses of several extra-jurisdictional cases to support the proposition that: "decisional development of [Vermont's Insurance Direct Action Statute, 8 V.S.A. 4203(3)] has not developed as in other states with similar public policy provisions." In fact, the decisional authority in every state in which direct actions are permitted against insurers whose policyholders have become insolvent, sets forth the same limitations on these derivative actions as the Vermont Supreme Court: "[A] derivative right to sue the insurer that is no greater than that of the insured's." *T. Copeland & Sons, Inc. v. Kansa Gen. Ins. Co.*, 171 Vt. 189, 195, 762 A.2d 475, 472 (2000).

The dispositive issue in this case is not whether plaintiff has a statutory right to sue Carolina; she does. However, "[u]nder the derivative-right theory, the third party levying a direct action stands in the same shoes as the insured and with rights equal to, but not greater than, the insured." *Id*. at 195, 762 A.2d at 475. Since Seldon entered into a valid enforceable contract with Carolina that extinguished Seldon's right to coverage for plaintiff's claim (and nothing more), plaintiff is not entitled to recover from Carolina, despite her derivative rights conferred by 8 V.S.A. 4203(3).

Respectfully submitted

CAROLINA CASUALTY INSURANCE COMPANY
By its attorneys,


/s/ Anthony R. Zelle
Anthony R. Zelle
Zelle McDonough & Cohen, LLP
101 Federal Street, 14th Floor
Boston, MA 02110
617-742-6520
tzelle@zelmcd.com

Patricia S. Orr, Esq.
Law Offices of Patricia S. Orr PLLC
129 Olde Orchard Lane
Shelburne, VT 05482
802-985-8429
psolawoffices@gmail.com


## CERTIFICATE OF SERVICE

I, Anthony R. Zelle, hereby certify that on February 2, 2018, a copy of the foregoing document was served via ECF Filing upon all attorneys of record.


/s/ Anthony R. Zelle
Anthony R. Zelle